# UNITED STATES DISTRICT COURT

# FOR THE WESTERN DISTRICT OF LOUISIANA

# SHREVEPORT DIVISION

| | |
|---|---|
| **PAUL RAY ROBBINS** | **CIVIL ACTION NO. 06-1395-P** |
| **VERSUS** | **JUDGE HICKS** |
| **SHERRY BAGWELL, ET AL.** | **MAGISTRATE JUDGE HORNSBY** |

## REPORT AND RECOMMENDATION[1]

In accordance with the standing order of this court, this matter was referred to the undersigned Magistrate Judge for review, report and recommendation.

## STATEMENT OF CLAIM

Before the Court is a civil rights complaint filed <u>in forma pauperis</u> by <u>pro se</u> plaintiff Paul Ray Robbins ("Plaintiff"), pursuant to 42 U.S.C. § 1983. This complaint was received and filed in this Court on August 14, 2006. Plaintiff is incarcerated at the Bayou Dorcheat Correctional Center ("BDCC") in Minden, Louisiana, and he complains his civil rights were violated by prison officials. He names the Bayou Dorcheat Correctional Center, Sherry Bagwell and the Webster Parish Medical Department as defendants.

Plaintiff claims that on August 31, 2005, he was booked into the BDCC. He claims he told the booking officers and nurse Sherry Bagwell his medical history, which includes two strokes, diabetes, hearing and vision loss, a liver disorder, an immune deficiency, kidney problems and Alzheimers. He claims Bagwell confiscated more than 12 prescription

---

[1] This decision is not intended for commercial print or electronic publication.

medications, seven of which had current prescriptions. He claims he was then transferred to the Minden Parish Jail.

Plaintiff claims that on September 1, 2005, he was transferred to the BDCC for medical observation after he inquired about his medications. He claims he was informed that he would be weaned off his medications and his doctor had been contacted to refill his prescriptions. He claims he did not receive his diabetes medication for four days and his cholesterol medication for months. He further claims he never received his pain medications methadone and loratab. He claims he is only allowed one Tylenol three times a day for pain. He claims the Tylenol does not alleviate his pain. He claims he is being denied medical treatment for Alzheimers.

Plaintiff claims that on October 19, 2005, he was examined by Dr. Herd. He claims Herd ordered Bagwell to obtain his medical records from his private doctor. He claims she failed to obtain his medical records and as a result, he was not given his pain medications. He claims that approximately two weeks later, Herd ordered he be given a nighttime snack to balance his blood glucose levels. He claims Herd ordered he have tests performed 30 to 90 days after beginning his cholesterol medication. He claims these tests have not been performed and he has not seen Herd.

As relief, Plaintiff seeks monetary damages and proper medical treatment.

For the following reasons, Plaintiff's civil rights complaint should be dismissed with prejudice as frivolous.

## LAW AND ANALYSIS

Plaintiff claims he is a pre-trial detainee. The standard to apply in analyzing an inadequate medical care claim asserted by a pre-trial detainee depends upon whether the claim is directed to a "condition of confinement" or to an "episodic act or omission." Scott v. Moore, 114 F.3d 51, 53 (5th Cir. 1997), quoting Hare v. City of Corinth, 74 F.3d 633, 644 (5th Cir. 1996). "A 'condition of confinement' case is a 'constitutional attack on general conditions, practices, rules, or restrictions of pretrial confinement.'" Scott, 114 F.3d at 53, quoting Hare, 74 F.3d at 644.[2] An episodic act or omission case is defined as follows:

> [W]here the complained-of harm is a particular act or omission of one or more officials, the action is characterized properly as an 'episodic act or omission' case and is not amendable to review under the Wolfish test. [I]n an episodic act or omission case, an actor usually is interposed between the detainee and the municipality, such that the detainee complains first of a particular act of, or omission by, the actor and then points derivatively to a policy, custom, or rule (or lack thereof) of the municipality that permitted or caused the act or omission. [Internal citations and quotation marks omitted.]

Id.

In Nerren v. Livingston Police Dept., 86 F.3d 469 (5th Cir. 1996), the Fifth Circuit classified a case involving the alleged denial of adequate medical care to an arrestee as an episodic case. Thus, the instant claim is analyzed as an episodic act case. In Nerren, the court applied a deliberate indifference standard stating, "a state official's episodic act or omission violates a pretrial detainee's due process right to medical care if the official acts

---

[2] In such a case, the reasonable relationship test of Bell v. Wolfish, supra, is applicable. Under this test, if the condition of confinement is reasonably related to a legitimate, non-punitive governmental objective, the condition is constitutional. Scott, 74 F.3d at 53.

with subjective deliberate indifference to the detainee's rights." The court then defined subjective deliberate indifference as "subjective knowledge of a substantial risk of serious medical harm, followed by a response of deliberate indifference." Nerren, 86 F.3d at 473. This is the same standard applicable to convicted prisoners,[3] that is, the medical care must be "sufficiently harmful to evidence deliberate indifference to serious medical needs." Estelle v. Gamble, 429 U.S. 97, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976). Thus, Plaintiff must allege and be able to prove that each named Defendant has been deliberately indifferent to his serious medical needs or the claim is subject to dismissal as frivolous. Graves v. Hampton, 1 F.3d 315, 319-20 (5th Cir. 1993). Deliberate indifference encompasses only unnecessary and wanton infliction of pain repugnant to the conscience of mankind; thus, the test is "subjective recklessness" as used in the criminal law. Norton v. Dimazana, 122 F.2d 286, 292 (5th Cir. 1997).

The record does not contain facts which sufficiently show that the named Defendants have been deliberately indifferent to any serious medical needs. As discussed above, a

---

[3] The Eighth Amendment applies to convicted prisoners. There are two requirements that must be met to show that a prison official has violated the Eighth Amendment. The first is an objective requirement that the inmate allege a sufficiently serious deprivation. Farmer v. Brennan, 511 U.S. 825, 114 S.Ct. 1970, 128 L.Ed.2d 811, 823 (1994). Second, only the unnecessary and wanton infliction of pain implicates the Eighth Amendment. A prison official must have a sufficiently culpable state of mind, defined as deliberate indifference or knowing disregard of an excessive risk to inmate health or safety. Farmer, 128 L.Ed.2d at 825; Reeves v. Collins, 27 F.3d 174, 176 (5th Cir. 1994). Under this standard, a lack of proper inmate medical care can be cruel and unusual punishment only if it is "sufficiently harmful to evidence deliberate indifference to serious medical needs." Estelle v. Gamble, 429 U.S. 97, 97 S.Ct. 285 (1976).

constitutional violation requires a sufficiently serious deprivation and deliberate indifference on the part of the defendant prison official. Farmer, supra.

To the contrary, the record demonstrates that the Defendants were attentive to the medical needs of Plaintiff. It has been consistently held that an inmate who has been examined by medical personnel fails to set forth a valid showing of deliberate indifference to serious medical needs. Norton v. Dimazana, 122 F.2d 286, 292 (5th Cir. 1997); Callaway v. Smith County, 991 F. Supp. 801, 809 (E.D. Tex. 1998); Spears v. McCotter, 766 F.2d 179 (5th Cir. 1985); Mayweather v. Foti, 958 F.2d 91 (5th Cir. 1992). Plaintiff admits the nurse recorded his medical history. He also admits he was transferred to the BDCC for medical observation. He admits that after four days, he was given medication for diabetes. He admits he was examined by Dr. Herd on October 19, 2005. He admits he was given cholesterol medication and pain medication. He admits he was ordered a nighttime snack to maintain his blood glucose levels.

Plaintiff's allegations, if accepted as true, may amount to a state law claim for negligence, a tort. However, mere negligence, neglect or medical malpractice does not amount to a denial of a constitutional right as these actions on the part of the Defendants do not rise to the level of a constitutional tort. See Daniels v. Williams, 474 U.S. 327, 329-30, 106 S. Ct. 662, 664 (1986); Estelle, 429 U.S. at 106, 97 S. Ct. at 292; Lewis v. Woods, 848 F.2d 649, 651 (5th Cir. 1988). The fact that Plaintiff does not believe that his medical treatment was as good as it should have been is not a cognizable complaint under the Civil

Rights Act. See Spears v. McCotter, 766 F.2d 179, 181 (5th Cir. 1985). Prisoners are not constitutionally entitled to the best medical care that money can buy. See Mayweather v. Foti, 958 F.2d. 91 (5th Cir. 1992).

Accordingly, Plaintiff's complaint regarding the denial of medical care should be dismissed as frivolous.

## CONCLUSION

Because Plaintiff filed this proceeding in forma pauperis ("IFP"), if this Court finds Plaintiff's complaint to be frivolous, it may dismiss the complaint as such at any time, before or after service of process, and before or after answers have been filed. See 28 U.S.C. § 1915(e); Green v. McKaskle, 788 F.2d 1116, 1119 (5th Cir. 1986); Spears v. McCotter, 766 F.2d 179, 181 (5th Cir. 1985). District courts are vested with extremely broad discretion in making a determination of whether an IFP proceeding is frivolous and may dismiss a claim as frivolous if the IFP complaint lacks an arguable basis either in law or in fact. See Hicks v. Garner, 69 F.3d 22 (5th Cir. 1995); Booker v. Koonce, 2 F.3d 114 (5th Cir. 1993); Neitzke v. Williams, 490 U.S. 319, 109 S.Ct. 1827 (1989).

Accordingly;

**IT IS RECOMMENDED** that Plaintiff's civil rights complaint be **DISMISSED WITH PREJUDICE** as frivolous under 28 U.S.C. § 1915(e).

## OBJECTIONS

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objection within ten (10) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendations set forth above, within ten (10) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking, on appeal, the proposed factual findings and legal conclusions that were accepted by the district court and that were not objected to by the aforementioned party. See Douglas v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

THUS DONE AND SIGNED at Shreveport, Louisiana, this 22nd day of January, 2007.

_____
MARK L. HORNSBY
UNITED STATES MAGISTRATE JUDGE